Filed 1/28/22  Certified for Publication 2/24/22 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| THE PEOPLE, | B310238 |
|---|---|
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA071779) |
| v. | |
| JUSTIN ASHLEY FLINT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Gary J. Ferrari, Judge.  Reversed.

Emry J. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2018, the Legislature enacted Senate Bill No. 1437 (2017−2018 Reg. Sess.) (Senate Bill No. 1437), which, among other changes, restricted the application of the felony murder doctrine. Prior to the enactment of the law, if a defendant committed one of certain serious felonies in which an accomplice killed someone, the defendant was liable for first degree murder even if the killing was inadvertent and unforeseeable. (1 Witkin & Epstein, Cal. Criminal Law (4th ed. 2021) Crimes Against the Person, § 163; *People v. Stamp* (1969) 2 Cal.App.3d 203, 210.) Under the new law, this is no longer the case. To obtain a conviction for felony murder, the prosecution must prove the defendant was the actual killer, acted with the intent to kill in aiding, abetting, counseling, or soliciting the killing, or was "a major participant in the underlying felony and acted with reckless indifference to human life." (Stats. 2018, ch. 2015, § 3, p. 6675, enacting Pen. Code,[1] § 189, subd. (e)(3).) The statute created a single exception to these requirements, for cases where "the victim is a peace officer who was killed while in the course of his or her duties, where the defendant knew or reasonably should have known that the victim was a peace officer engaged in the performance of his or her duties." (Stats. 2018, ch. 2015, § 3, p. 6675, enacting § 189, subd. (f).) In such a case, the felony murder doctrine applies as it did before the enactment of Senate Bill No. 1437, with no requirement to show that the defendant was a major participant in the felony or acted with reckless indifference to human life. (*People v. Hernandez* (2021) 60 Cal.App.5th 94, 105-109 (*Hernandez*).)

Senate Bill No. 1437 also created a mechanism for defendants previously convicted of felony murder who "could not be convicted of first or second degree murder because of changes" in the law to

---

[1] Subsequent statutory references are to the Penal Code.

petition to vacate their convictions and be resentenced. (Stats. 2018, ch. 2015, § 4, p. 6676, enacting § 1170.95, subd. (a)(3).)[2] The Legislature included a provision to "streamline the process" (*People v. Ramirez* (2019) 41 Cal.App.5th 923, 932 (*Ramirez*)) for petitioners who are clearly eligible for resentencing. "If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner." (§ 1170.95, subd. (d)(2).) This provision in section 1170.95 makes no reference to the peace officer exception.

Defendant and appellant Justin Ashley Flint was convicted of murder for his role in an attempted robbery in which his codefendant shot and killed Los Angeles County Sheriff's Department Deputy Maria Cecilia Rosa. Flint and the Attorney General agree, as do we, that the trial court erred by denying Flint's petition for resentencing under section 1170.95 at the first stage of review, where a petitioner is required to make only a prima facie case of eligibility. Flint argues further that he is entitled to immediate resentencing under section 1170.95, subdivision (d)(2) because the jury at his trial rejected a felony-murder special circumstance allegation (§ 190.2, subd. (a)(17)). According to Flint, by finding the allegation untrue, the jury implicitly found that he was not a major participant in the robbery who acted with reckless indifference to human life. We disagree that Flint is entitled to immediate resentencing. Although section 1170.95, subdivision (d)(2) does not refer to the peace officer exemption, it

---

[2] The Legislature has subsequently amended this portion of the law in ways not relevant to this opinion. (See Sen. Bill No. 775 (2021–2022 Reg. Sess.); Stats. 2021, ch. 551, § 2, italics added.)

would be absurd to infer that the Legislature intended to guarantee resentencing for defendants who could still be convicted of murder under current law.[3]

## FACTUAL AND PROCEDURAL SUMMARY

In 2006, Flint and his codefendant, Frank Gonzalez, attempted to rob Maria Cecilia Rosa outside Rosa's home in Long Beach. Rosa, a deputy in the Los Angeles County Sheriff's Department, drew her service weapon. Gonzalez, who was armed with a revolver, shot Rosa twice, killing her. Because neither we nor the trial court may engage in factfinding at this stage of the proceedings (see *People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*)), it is not necessary to describe the facts of the case in detail.[4] We note, however, that there was at least some evidence that Flint knew or should have known Rosa was a peace officer: At the trial, a police officer testified that Flint told him that he saw Rosa's badge.

A jury convicted Flint of one count of first degree murder (§ 187, subd. (a)) and one count of attempted robbery (§§ 211, 664), and found that a principal was armed with a firearm in the commission of both counts. The prosecution alleged that a felony-murder special circumstance (§ 190.2, subd. (a)(17)) applied

---

[3] On February 4, 2021, Flint filed a petition for writ of mandate. On March 26, 2021, his petition was deemed to be a petition for writ of habeas corpus and was ordered to be considered concurrently with this appeal (*In re Justin Ashley Flint*, case No. B3102). Flint's petition for writ of habeas corpus is denied by separate order filed concurrently herewith.

[4] Our opinion in Flint's direct appeal (*People v. Flint* (July 30, 2010, B205374) [nonpub. opn.]) describes the evidence in more detail.

4

to the murder, but the jury found this allegation "not true."  The trial court sentenced Flint to 29 years to life in prison.  We affirmed the conviction but stayed the sentence on the attempted robbery conviction, reducing the sentence to 26 years to life.  (See *People v. Flint*, *supra*, B205374).)

Flint filed a petition for resentencing under section 1170.95 on January 4, 2019, shortly after Senate Bill No. 1437 became effective.  The trial court appointed counsel to represent him and obtained briefing from both sides.  The court found that Flint had failed to make a prima facie case that he was entitled to resentencing and denied the petition.  The court reasoned that Flint was a direct aider and abettor to the murder, and that he knew or should have known that Rosa was a peace officer engaged in the performance of her duties.

## DISCUSSION

### A.    *Flint Made a Prima Facie Case That He Is Eligible for Resentencing*

Flint contends that he made a prima facie case that he is eligible for resentencing under section 1170.95, and that the trial court erred by finding to the contrary.  The Attorney General agrees, as do we.

When a defendant files a facially sufficient petition for resentencing under section 1170.95, the trial court must first determine whether the petitioner has made a prima facie showing for relief.  (§ 1170.95, subd. (c).)  At the time of Flint's hearing, the standards for determining whether a petitioner has made a prima facie case for resentencing under section 1170.95, subdivision (c) were unsettled.  Recently, however, the Supreme Court in *Lewis* clarified this issue.  The court explained that "the prima facie inquiry under [section 1170.95,] subdivision (c) is limited.  Like

5

the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' ([*People v.*] *Drayton* [(2020)] 47 Cal.App.5th [965,] 978, quoting Cal. Rules of Court, rule 4.551(c)(1).) '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' (*Drayton*, at p. 978, fn. omitted, citing *In re Serrano* (1995) 10 Cal.4th 447, 456 . . . .) 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The court cautioned further that, at this stage, "a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972, quoting *Drayton*, *supra*, 47 Cal.App.5th at p. 980.)

As both parties agree, the trial court exceeded the bounds established in *Lewis* for prima facie review. The statement of decision shows that the court reviewed "the trial transcript, the court file, the Court of Appeal opinion, and the moving papers filed by the parties" and determined that Flint was ineligible for resentencing because he was a direct aider and abettor in the murder and that he knew or should have known that Rosa was a peace officer engaged in the performance of her duties. To reach this conclusion the court weighed the evidence and exercised its discretion in a manner forbidden by *Lewis*.

Nor may we affirm the trial court's decision as harmless error. In *Lewis*, the Supreme Court held that, in order to demonstrate prejudice, a petitioner need not show that he is likely

6

to succeed in having his conviction vacated in the end; instead, "a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [not for the error] . . . his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 974.) Flint has done this much—we have seen nothing in the record of conviction refuting his claim of eligibility as a matter of law. We must therefore reverse the denial of his petition.

### B.   *Flint Is Not Entitled to Automatic Relief under Section 1170.95, Subdivision (d)(2)*

In most cases where the petitioner has made a prima facie case for relief, the trial court must issue an order to show cause and hold a hearing to determine whether the petitioner is entitled to resentencing. (See § 1170.95, subd. (d)(3).) Subdivision (d)(2) of section 1170.95 provides a mechanism for avoiding such a hearing in cases where both sides waive the hearing and stipulate that the petitioner is eligible, or "[i]f there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony." In the latter instance, "the court shall vacate the petitioner's conviction and resentence the petitioner." (*Ibid.*) When this provision applies, it "impos[es] a mandatory duty on the court to vacate [the petitioner's] sentence and resentence him." (*Ramirez, supra*, 41 Cal.App.5th at p. 932.)

Flint contends that he is entitled to immediate resentencing under section 1170.95, subdivision (d)(2) because the jury at his trial rejected the prosecution's allegation of a felony murder special circumstance (§ 190.2, subd. (a)(17)), which required proof that Flint at a minimum was a major participant in the robbery and acted with reckless indifference to human life. (See § 190.2,

7

subd. (d).) The Attorney General makes two arguments to the contrary. First, the Attorney General contends that the jury's verdict does not constitute "a prior finding . . . that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony." (§ 1170.95, subd. (d)(2).) Second, the Attorney General argues that even if the jury's verdict meets the literal requirements of section 1170.95, subdivision (d)(2), the prosecutor must have an opportunity to show Flint is not eligible for resentencing because he knew or should have known that Rosa was a peace officer acting within the course of her duties. We disagree with the Attorney General's first argument but agree with the second and therefore do not order the trial court to resentence Flint under subdivision (d)(2).

1. ***The jury's verdict on the special circumstance is a "finding" as described in section 1170.95, subdivision (d)(2)***

To prove a felony-murder special circumstance, the prosecution must show that the defendant "actually killed the victim (. . . [§] 190.2, subd. (b)); acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in the killing (. . . [§] 190.2, subd. (c)); or [was] a major participant in the underlying felony and acted with reckless indifference to human life (. . . [§] 190.2, subd. (d))." (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1141, review granted Oct. 14, 2020, S264284; accord, *In re Ramirez* (2019) 32 Cal.App.5th 384, 393.) Flint argues that, by finding the special circumstance allegation not true, the jury necessarily made a "finding . . . that [he] did not act with reckless indifference to human life or was not a major participant in the felony." (§ 1170.95, subd. (d)(2).)

The Attorney General disagrees, arguing that the jury's "not true" verdict shows only that the jury had a reasonable doubt

as to the requirements for the special circumstance. In general, "a jury verdict acquitting a defendant of a charged offense does *not* constitute a finding that the defendant is factually innocent of the offense or establish that any or all of the specific elements of the offense are not true." (*In re Coley* (2012) 55 Cal.4th 524, 554.) According to the Attorney General, if the Legislature had meant for a jury verdict like the one in this case to be sufficient for resentencing under section 1170.95, subdivision (d)(2), it would have used the term "acquittal" in the statute, rather than "finding."

Two published cases have considered this question: *People v. Clayton* (2021) 66 Cal.App.5th 145 and *People v. Harrison* (Dec. 30, 2021, A159115) ___ Cal.App.5th ___ [2021 WL 6144005] (*Harrison*). Both agreed with Flint's position, as do we. The Attorney General is correct that the jury's verdict is an expression of reasonable doubt as to the prosecution's allegation, and falls short of a finding of actual innocence. But as the majority in *Clayton* noted, at the final eligibility hearing under section 1170.95, subdivision (d)(3), the prosecution bears the burden to prove the defendant's ineligibility for resentencing beyond a reasonable doubt. (*Clayton*, *supra*, 66 Cal.App.5th at p. 155.) By finding the special circumstance allegation not true, the jury necessarily "found the evidence insufficient to prove beyond a reasonable doubt that the petitioner was an aider and abettor with the intent to kill or a major participant in the robbery who acted with reckless indifference to human life. In that case, the prosecution cannot sustain its burden of proving ineligibility under subdivision (d)(3) without invalidating the jury's finding." (*Ibid.*)

As we have explained previously, the purpose of proceedings under section 1170.95 is to decide "issues not previously determined, not to [retry] . . . disputes that have already been resolved." (*People v. Allison* (2020) 55 Cal.App.5th 449, 461.)

9

Subdivision (d)(2) serves to "streamline the process" (*Ramirez*, *supra*, 41 Cal.App.5th at p. 932) in instances where the record clearly demonstrates the defendant's eligibility. The prosecution had an opportunity at the original trial to prove that Flint was a major participant in the robbery who acted with reckless indifference to human life. In enacting section 1170.95, subdivision (d)(2), the Legislature has determined that it should not have a second bite at the apple.

Finally, although "courts may be called upon to establish factual innocence[ ] (e.g., § 851.8, subd. (e)), juries do so rarely, if ever." (*Harrison*, *supra*, ___ Cal.App.5th at p. ___ [2021 WL 6144005, at p. *17].) If a jury's "not true" verdict on a special circumstance allegation did not constitute "a prior finding by a . . . jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony" (§ 1170.95, subd. (d)(2)), it is difficult to conceive of a scenario in which a jury in a criminal trial could make such a finding. We must avoid statutory interpretations " 'that lead to absurd results or render words surplusage.' " (*People v. Loeun* (1997) 17 Cal.4th 1, 9 (*Loeun*).)

The Attorney General argues that its interpretation of the law does not in fact render the language of section 1170.95, subdivision (d)(2) surplusage. According to the Attorney General, the jury's verdict in this case was simply too ambiguous to allow for a specific conclusion on the jury's findings. The Attorney General is correct that a jury's general verdict does not always imply specific factual findings about the case. (See *People v. Towne* (2008) 44 Cal.4th 63, 86.) For example, a jury may convict a defendant of murder even if the jurors do not unanimously agree as to whether the defendant was the actual perpetrator or an aider and abettor. (*People v. Santamaria* (1994) 8 Cal.4th 903, 918.) In this case, the

jury could have found the felony-murder special circumstance true even if some jurors believed that Flint acted with the intent to kill in aiding and abetting Gonzalez in the murder (see § 190.2, subd. (c)), while other jurors believed Flint was a major participant in the robbery who acted with reckless indifference to human life (see § 190.2, subd. (d)). As long as each juror found at least one of the requirements true beyond a reasonable doubt, the jury could correctly find the allegation true. (See *People v. Grimes* (2016) 1 Cal.5th 698, 726–727.)

It does not follow, however, that the jury's rejection of the felony murder special circumstance is equally ambiguous. The jury instructions told the jurors to find the special circumstance allegation true if they were satisfied beyond a reasonable doubt that either of two possibilities was true: Flint "with the intent to kill [aided,] [abetted,] [counseled,] [commanded,] [induced,] [solicited,] [requested,] [or] [assisted] any actor in the commission of the murder in the first degree . . . *or* with reckless indifference to human life and as a major participant, [aided,] [abetted,] [counseled,] [commanded,] [induced,] [solicited,] [requested,] [or] [assisted] in the commission of the crime of attempted robbery . . . which resulted in the death of a human being." (Italics added.) If either theory alone was sufficient to prove the special circumstance, then in order to find the allegation not true, the jurors must have had a reasonable doubt as to *both* theories. The Attorney General contends that the jury could have voted the special circumstance not true even "if some jurors believed that the victim was killed unintentionally, while others believed [Flint] was a major participant who acted with reckless indifference to human life." But the jury instructions stated that, "[i]n order to find the special circumstance alleged in this case to be true or untrue, you must agree unanimously." The jury's "not true" verdict thus signifies

11

that the jurors unanimously believed the prosecution had failed to prove beyond a reasonable doubt that Flint was a major participant who acted with reckless indifference to human life.

### 2. *Nevertheless, Flint is not entitled to resentencing under section 1170.95, subdivision (d)(2) because the peace officer exception may apply*

The Attorney General argues that Flint is not entitled to immediate relief under section 1170.95, subdivision (d)(2) because the prosecution must have an opportunity to show that Flint knew or should have known that Rosa was a peace officer engaged in the performance of her duties at the time of the murder.  Flint disagrees, arguing that no such exception applies.  We agree with the Attorney General.

In enacting Senate Bill No. 1437, the Legislature created an exception to the new requirements for felony murder, providing that they do "not apply to a defendant when the victim is a peace officer who was killed while in the course of the peace officer's duties, where the defendant knew or reasonably should have known that the victim was a peace officer engaged in the performance of the peace officer's duties."  (§ 189, subd. (f).)  When this exception applies, a defendant may be convicted of felony murder even if he was not a major participant in the felony who acted with reckless indifference to human life.  (See *Hernandez*, *supra*, 60 Cal.App.5th at p. 108.)  But section 1170.95, subdivision (d)(2) makes no provision for the peace officer exemption.

Flint argues that the absence of any reference to the peace officer exception in section 1170.95, subdivision (d)(2) is decisive.  " 'If the statutory language is unambiguous, then its plain meaning controls' " (*People v. Ruiz* (2018) 4 Cal.5th 1100, 1106), and the only requirement for relief in the text of section 1170.95,

subdivision (d)(2) is that "there was a prior finding by a court or jury that [he] did not act with reckless indifference to human life or was not a major participant in the felony." Flint has done so, and he contends that the trial court must therefore "vacate [his] conviction and resentence" him.

We disagree. Although we must defer to the plain language of a statute, "the language of a statute should not be given a literal meaning if doing so would result in absurd consequences that the Legislature did not intend. To this extent, therefore, intent prevails over the letter of the law and the letter will be read in accordance with the spirit of the enactment." (*In re Michele D.* (2002) 29 Cal.4th 600, 606; see also *Loeun*, *supra*, 17 Cal.4th at p. 9 [" '[i]nterpretations that lead to absurd results or render words surplusage are to be avoided' "].)

The legislative history shows that the Legislature intended to maintain broader liability for felony murder in cases where the victim was a peace officer. A report of the Senate Rules Committee[5] explained that, although the new law restricted the application of the felony-murder doctrine, "the provisions of the bill do not apply when the decedent is a peace officer" (Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of Sen. Bill No. 1437 (2017−2018 Reg. Sess.) as amended Aug. 20, 2018, p. 2). Moreover, the committee explained that the bill "[a]llows a defendant to be convicted of first degree murder if the victim is a peace officer who was killed in the course of duty, where the defendant was a participant in certain specified felonies and the defendant knew, or reasonably should have known, that the victim was a peace

---

[5] " '[R]eports of legislative committees and commissions are part of a statute's legislative history and may be considered when the meaning of a statute is uncertain.' " (*People v. Cruz* (1996) 13 Cal.4th 764, 773, fn. 5.)

officer engaged in the performance of duty, *regardless of the defendant's state of mind.*" (*Id.* at p. 4, italics added.)

The Legislature's purpose in enacting section 1170.95 as the retroactive component of Senate Bill No. 1437 is also clear, and is stated in the preamble to the bill itself: to "provide a means of vacating the conviction and resentencing a defendant" convicted of murder where "the defendant could not be charged with murder after the enactment of this bill." Indeed, one of the criteria for resentencing is that the petitioner "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3).) Under section 189, subdivision (f), a defendant convicted of felony murder who knew or should have known that the victim was a peace officer engaged in the performance of her duties fails to meet this requirement regardless of whether or not he was a major participant in the felony who acted with reckless indifference to human life. (*Hernandez*, *supra*, 60 Cal.App.5th at pp. 105–109.) Flint's interpretation of the statute would make subdivision (d)(2) into a backdoor to guarantee resentencing for certain defendants who are not eligible, rather than a mechanism to "streamline the process" of resentencing (*Ramirez*, *supra*, 41 Cal.App.5th at p. 932) in cases where it is clear that the defendant is eligible. This is an absurd result, which we will not infer the Legislature intended.

### C. *Section 1170.95 Does Not Implicate Double Jeopardy Concerns*

Finally, Flint contends that the double jeopardy clauses of the federal and state constitutions preclude the prosecution from introducing new theories of his guilt that it did not raise at trial. We disagree.

"An evidentiary hearing under section 1170.95 . . . does not implicate double jeopardy because section 1170.95 'involves a

14

resentencing procedure, not a new prosecution.' [Citation.] The retroactive relief provided by section 1170.95 is a legislative 'act of lenity' intended to give defendants serving otherwise final sentences the benefit of ameliorative changes to applicable criminal laws and does not result in a new trial or increased punishment that could implicate the double jeopardy clause." (*Hernandez*, *supra*, 60 Cal.App.5th at p. 111.)

## DISPOSITION

The trial court's order denying Flint's petition for resentencing is reversed. On remand, the court shall issue an order to show cause pursuant to section 1170.95 and hold further proceedings in conformance with this opinion.


ROTHSCHILD, P. J.

We concur:



CHANEY, J.



CRANDALL, J.*

---

\* Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 2/24/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUSTIN ASHLEY FLINT,<br><br>    Defendant and Appellant. | B310238<br><br>(Los Angeles County<br>Super. Ct. No. NA071779)<br><br><br>CERTIFICATION AND<br>ORDER FOR PUBLICATION |

THE COURT:

    The opinion in the above-entitled matter filed on January 28, 2022 was not certified for publication in the Official Reports.  For good cause, it now appears that the opinion should be published in the Official Reports and it is so ordered.

_____
  ROTHSCHILD, P. J.         CHANEY, J.        CRANDALL, J.*

_____

    * Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.